# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA MAHMOOD,<br>　　　　　Plaintiff, | : CIVIL ACTION<br>: |
| v. | : |
| NATIONAL BOARD OF<br>MEDICAL EXAMINERS,<br>　　　　　Defendant. | : No. 12-1544<br>:<br>: |

## MEMORANDUM OPINION

**TIMOTHY R. RICE**　　　　　　　　　　　　　　　　　　　　　　**October 31, 2012**
**U.S. MAGISTRATE JUDGE**

　　　　Plaintiff Maria Mahmood alleges Defendant National Board of Medical Examiners ("NBME") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., by failing to reasonably accommodate her visual impairment for the USMLE CK-II[1] and several prior exams. NBME now seeks to dismiss Mahmood's amended complaint,[2] or, in the alternative, summary judgment. NBME's motion to dismiss is granted regarding Mahmood's claim that NBME engaged in a pattern of failure-to-accommodate. The exhibits attached to her amended complaint set forth facts establishing NBME provided her requested equipment for

---

　　　[1]　　　United States Medical Licensing Exam, Clinical Knowledge Part II.

　　　[2]　　　Mahmood's original complaint contained three other counts, alleging NBME violated: (1) her constitutional rights to be free from cruel and unusual punishment, (2) her Fourteenth Amendment right to procedural and substantive due process, and (3) her civil rights. See Memo. Op. 2 (E.D. Pa. June 21, 2012) (doc. 18). I granted NBME's motion to dismiss these counts and denied Mahmood's motion for an injunction compelling NBME to permit her to take the exam in question. Id. at 1. I granted Mahmood leave to file an amended complaint on her failure-to-accommodate claim because she had not described her requested accommodations or NBME's response to her requests. Id. at 8.

1

prior exams. The motion is denied regarding the USMLE CK-II test date because Mahmood's amended complaint and attached exhibits, when construed in the light most favorable to her, allege sufficient facts to state a claim. The parties shall have thirty days to take discovery regarding the USMLE CK-II test date only, after which, they may file motions for summary judgment, if they so chose.

## I. LEGAL STANDARD

Dismissal of a complaint is appropriate where a plaintiff's plain statement does not contain sufficient factual matter to show she is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). The plaintiff must allege a facially-plausible claim "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The complaint also must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory. Twombly, 550 U.S. at 552. Mahmood must plead "how, when, and where" NBME allegedly violated the ADA. Fowler v. UPMC Shadyside, 578 F.3d 203, 212 (3d Cir. 2009).

I must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel, 570 F.3d 520, 523 (3d Cir. 2009). I need not, however, credit a plaintiff's legal conclusions or "threadbare recitals of the elements of a cause of action supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

I may consider any "written instruments" attached to the amended complaint as exhibits.

2

See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). If, however, these exhibits contradict Mahmood's allegations, I need not accept her allegations as true. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 n. 8 (3d Cir. 1994) ("Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control."). I also may not consider Mahmood's affidavit, even though it is an exhibit to the amended complaint, because it is not a "written instrument."[3] See Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989) (requiring conversion of motion to dismiss to summary judgment to consider affidavit).

To succeed on her failure-to-accommodate claim, Mahmood must prove NBME denied her the equipment necessary to take the exams. The ADA requires NBME to offer its exams "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." See 42 U.S.C. § 12189. Persons with disabilities should not be barred from "educational, professional, or trade opportunities because an examination . . . is conducted without an accommodation." Enyart v. Nat'l Conference of Bar Exam'rs, Inc., 630 F.3d 1153, 1160 (9th Cir. 2011) (quoting legislative history), cert. denied, 132 S. Ct. 366 (2011). This requires NBME to administer its exams "so as to best ensure . . . the exam results accurately reflect [Mahmood]'s aptitude," instead of her impaired sensory skills, by providing "appropriate

---

[3] I may not consider the documents NBME attaches to its brief because they are not integral to or explicitly relied upon in Mahmood's amended complaint and her claims are not based on these documents. See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999); Def.'s Mem. L. Supp. Mot., Ex. 3-7 ("Def.'s Mem.") (attaching police report, criminal docket information, NBME's incident report, documents regarding accommodation request, and affidavit of Catherine Farmer).

3

auxiliary aids."[4] See 28 C.F.R. § 36.309(b)(1, 3).

## II. DISCUSSION

Mahmood attends medical school at the University of Illinois at Chicago. Am. Compl. ¶ 1 (doc. 20). To graduate, Mahmood must complete several licensing exams, including the USMLE CK-II. Id. ¶ 13. Because Mahmood is legally blind, she requires a large computer monitor with "ZoomText" screen-magnifier software, a monocular, and double time to complete examinations.[5] Id. ¶¶ 36-37; Ex. A (Feb. 16, 2011 email).

### A. Pattern of Failure-to-Accommodate

Mahmood conclusorily alleges NBME's "history" of failing to provide equipment for past exams violates the ADA, but does not allege any underlying facts regarding these exams in her amended complaint.[6] Instead, she cites to exhibit A, which consists of a bundle of letters and

---

[4] The Third Circuit has not explicitly distinguished the "best ensure" standard from the "reasonable accommodation" standard. Compare Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 156 (3d Cir. 1999) (describing best ensure standard without referencing reasonable accommodation standard) with Enyart, 630 F.3d at 1161 (describing best ensure standard as "more exacting" than reasonable accommodation standard). See also Mucci v. Rutgers, No. 08-4806, 2011 WL 831967, at *21 (D.N.J. Mar. 3, 2011) (applying reasonable accommodation standard in exam context). Under the reasonable accommodation standard, Mahmood must prove: "'(1) that she is disabled, (2) that her requests for accommodations are reasonable, and (3) that those requests have been denied.'" See id. (quoting D'Amico v. N.Y. State Bd. of Law Exam'rs, 813 F. Supp. 217, 221 (W.D.N.Y. 1993)). Under the best ensure standard, Mahmood must prove her exam performance did not accurately reflect her abilities because NBME failed to make "alternative accessible arrangements." Doe, 199 F.3d at 156 (quoting 42 U.S.C. § 12189). Under both standards, Mahmood must prove NBME denied her the agreed-upon equipment.

[5] Mahmood's amended complaint alleges she requires: "large print, zoom text [sic], etc." with no explanation of "etc." Mahmood's February 16, 2011 email, contained in exhibit A to the amended complaint, details her requested accommodations.

[6] Mahmood's amended complaint alleges pattern discrimination in paragraphs 5, 33, 40, 43, and 53, reproduced below:

4

emails between the parties regarding issues with exams and a doctor's note discussing Mahmood's visual impairment. Am. Compl. ¶¶ 43, 48. Because exhibit A comprises written instruments attached to the amended complaint, I will address the incidents described in the correspondence. See Pension Ben. Guar. Corp., 998 F.2d at 1196.

NBME's letter attached to Mahmood's amended complaint shows she was scheduled to take an exam on August 2, 2007 in Columbia, Maryland. Ex. A (Sept. 18, 2007 letter). NBME shipped Mahmood's requested equipment to that location. Id. Mahmood, however, had rescheduled her exam for August 7 in Bethesda, Maryland without informing NBME.[7] Id. Because the equipment was in Columbia, Mahmood was unable to take the exam in Bethesda. Id. NBME rescheduled her test for August 13. Id.

Mahmood was scheduled to take another exam on October 5, 2009, but her requested equipment malfunctioned that day. Ex. A (Oct. 12, 2009 email). To provide Mahmood with

---

- "This case arises out of a pattern of discrimination against plaintiff by defendant's repeated violation of the ADA. See medical documentation and correspondence between the parties attached as Exhibit 'A'."

- "On several prior occasions, the NBME testing facilities lacked proper and reasonable accommodation for plaintiff's disability. See Exhibit 'A'."

- "Defendant's history of failing to accommodate plaintiff's impaired vision disability is both unreasonable and a violation of the ADA."

- "Defendant violated the ADA by its actions in failing to reasonably accommodate plaintiff's disability on several occasions."

- "Defendant engaged in a course of conduct involving plaintiff which violated the ADA."

[7] NBME's Sept. 18, 2007 letter, which is the only factual basis I have for this incident, states Mahmood did not inform NBME of her location change. Mahmood does not allege otherwise in her amended complaint.

5

working equipment, NBME extended Mahmood's eligibility period to take the exam, waived her fees, and directed her how to re-schedule the test. Id.

Mahmood reported for a third exam on February 16, 2011, but the computer did not recognize her candidate identification number. Ex. A (Feb. 16, 2011 email). Exam staff eventually received an alternate number that worked, but Mahmood deferred the exam because she believed the alternate number would cause problems. Id.

Mahmood fails to allege facts that could establish NBME engaged in a pattern of discrimination; rather, her exhibits show NBME provided equipment to Mahmood for each exam. For the 2007 exam, NBME promptly rescheduled Mahmood's test after the equipment was sent to the wrong center due to her location change. See Ex. A (Sept. 18, 2007 letter). For the 2009 exam, NBME again rescheduled Mahmood's test after the available equipment malfunctioned. See Ex. A (Oct. 12, 2009 email). For the 2011 exam, Mahmood fails to allege how receiving a defective identification number was connected to her disability, and there is no evidence in the exhibits indicating otherwise. See Boggi v. Med. Review & Accrediting Council, No. 08-4941, 2009 WL 2951022, at *10 (E.D. Pa. Sept. 15, 2009) (denying § 12189 claim where "none of [plaintiff's] complaints in any way relate to his disability").

Mahmood maintains NBME's delays in providing the requested equipment for these exams effectively denied her accommodations, but she does not cite --and I am unable to identify-- any cases that address delays under the ADA in the exam context.[8] See Pl.'s Resp. 12.

---

[8] Neither party discusses delays under the best ensure standard, but "[t]he term 'accessible' is not best understood to mean 'exactly comparable.'" Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 156 (3d Cir. 1999) (defining "accessible" under 42 U.S.C. § 12189).

6

Federal courts addressing delays in other contexts have found no ADA violation where an entity acts in good faith to provide an accommodation, but the plaintiff suffers some delay as a result. See Anderson v. Ross Stores, Inc., No. 99-4056, 2000 WL 1585269, at *9 (N.D. Cal. Oct. 10, 2000) (one-hour delay in retail store because store policies conflicted with customers's request not actual or constructive denial of accommodations); Delgado v. Triborough Bridge & Tunnel Auth., 485 F. Supp. 2d 453 (S.D.N.Y. 2007) (one-month delay in providing employee with larger monitor because monitor was back-ordered not a denial of accommodations).

Mahmood contends there are "factual issues whether NBME acted in good faith" in providing her equipment, but does not identify these issues and alleges no facts that could establish indicating NBME was unwilling to reasonably accommodate her. See Pl.'s Resp. 12. Mahmood also submits NBME's general "inadequate effort and failure to prepare" violates the ADA, but alleges no facts that could establish how NBME erred or case law supporting her position. See Pl.'s Resp. 12; Fowler, 578 F.3d at 212 (requiring plaintiff to allege "how, when, and where" violation occurred). Neither Mahmood's amended complaint nor her attached exhibits present any facts suggesting NBME acted in bad faith. Instead, exhibit A shows NBME did not force Mahmood to complete any of these exams without her accommodations and promptly rescheduled tests so she would have her requested equipment. See Iqbal, 556 U.S. at 678 (requiring "factual content that allows the court to draw the inference that the defendant is liable for the misconduct alleged.").

---

NBME is required to provide its exams "so that disabled people who are disadvantaged by certain features of standardized examinations may take the examinations without those features that disadvantage them." Id. Mahmood's own submission shows NBME postponed the exam to provide Mahmood with working equipment. See Ex. A (Oct. 12, 2009 email).

7

Because she has failed to allege sufficient facts to show a pattern of discrimination by NBME, Mahmood's claim regarding NBME's history of failure-to-accommodate is dismissed.

### B. August 8, 2011 USMLE CK-II

Mahmood also alleges she requested accommodations for the USMLE CK-II, but NBME failed to provide the agreed-upon equipment on the exam date and gave her seat to another candidate with a disability. Am. Compl. ¶¶ 36-39, 42; see Ex. A (Feb. 16, 2011 email) (describing requested accommodations). Distraught by the possible postponement of her exam, Mahmood started a small fire in a restroom in the examination building, which led to her arrest. Am. Compl. at ¶¶ 24, 27, 41. NBME subsequently suspended Mahmood from taking the USMLE CK-II for three years on the basis of "irregular behavior." Id. at ¶ 28.

Taking Mahmood's allegations as true, her amended complaint and attached exhibits set forth facts alleging: (1) she has a visual impairment; (2) she requested auxiliary aids, such as a monitor with ZoomText and a monocular; (3) NBME granted her request; (4) NBME did not provide her with one or more of these aids after it moved her seat; and (5) she was not able to take the exam with the agreed-upon equipment.[9] See id. at ¶¶ 31, 32, 36-39, 47; Ex. A (Feb. 16, 2011 email) (describing requested accommodations); Doe, 199 F.3d 146, 156 (3d Cir. 1999). Although she does not specifically describe how NBME erred in failing to provide equipment, her amended complaint alleges sufficient facts to infer her equipment was not available because

---

[9] In the evidence I may consider, there is no indication whether NBME attempted to reschedule this exam when the equipment was not available, as it had the other exam dates discussed above.

8

NBME moved her seat.[10]  See Am. Compl. ¶ 42.

Because Mahmood alleges sufficient facts to "raise a reasonable expectation that discovery will reveal evidence" that NBME denied her requested equipment for the USMLE CK-II, NBME's motion to dismiss regarding this incident is denied.  See Twombly, 550 U.S. at 556. The parties have thirty days to take discovery solely regarding the USMLE CK-II incident, after which, they may file motions for summary judgment, if they so chose.

An appropriate order follows.

---

[10]    NBME relies on facts presented in Mahmood's affidavit and its incident report -- provided as an exhibit to its brief -- to argue her arrest impeded its efforts to provide working equipment. Def.'s Mem. 17-19 (citing Ex. 5 and Am. Compl. Ex. E). I cannot consider these documents at the motion-to-dismiss stage because (1) Mahmood's affidavit is not a written instrument, (2) NBME's report is not integral to or explicitly relied upon in the amended complaint report, and (3) Mahmood's claims are not based on NBME's report. See Rose, 871 F.2d at 340; In re Rockefeller, 184 F.3d at 287. Whether NBME was in process of accommodating Mahmood at the time of her arrest must be resolved on summary judgment. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 322 n.21 (3d Cir. 2010) ("[A] claim . . . might appear plausible in light of the well-pled facts in the complaint, only to appear deficient at the summary judgment stage, when (1) the plaintiff can no longer rely on mere allegations but must adduce evidence, and (2) the defendant's uncontroverted evidence is also added to the picture.").

9